No. 04-98-00064-CV



IN THE INTEREST OF K.B., a Child.






From the 79th District Court, Jim Wells County, Texas


Trial Court No. 92-03-30699


Honorable Terry A. Canales, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 28, 1999


AFFIRMED

 Manuel Briones appeals from a final judgment terminating his parental rights to his daughter,
K.B. Briones contends the trial court denied him due process when it appointed a guardian ad litem 
after the close of evidence and accepted a report from the ad litem without notice to Briones. 
Briones also challenges the legal and factual sufficiency of the evidence to support the court's
finding that Briones voluntarily executed a relinquishment of parental rights. Because we determine
that the trial court committed no errors that caused the rendition of an improper judgment, we affirm.

Factual and Procedural Background

 Litigation regarding K.B. began in 1990 when she was four years old. At that time K.B. was
removed from her parents' home after allegations that she was sexually abused by an older brother. 
She was briefly placed in foster care, and returned to her family after her brother was placed in a
treatment facility. After only four months at home, K.B. was again removed and placed in foster
care when allegations were substantiated that K.B.'s natural father, Briones, had sexually abused
K.B.'s older sister. Six months later, with her father in prison for the sexual abuse conviction, K.B.
was returned to her mother's home. In 1992, the Texas Department of Human Services(1) filed suit
to obtain immediate custody of K.B. and to be appointed Temporary Managing Conservator. At that
time K.B. was six years old and lived with her mother, her two brothers, and her mother's boyfriend. 
She suffered from general neglect and lack of hygiene, seldom attended school, and was often found
begging and shoplifting at a neighborhood convenience store. When the Department filed suit for
temporary custody of K.B., Briones was still incarcerated for sexually abusing K.B.'s older sister. 
The Department was granted temporary conservatorship of K.B., and she has remained in foster care
since that time. 

 In 1997, after unsuccessful efforts to reunite K.B. with her mother or to place K.B. with
maternal relatives, the State sought to terminate the parental rights of K.B.'s parents. Both Briones
and K.B.'s mother signed irrevocable affidavits of relinquishment of parental rights in early 1997.
Briones executed his affidavit while incarcerated, and when he was served with the termination
petition, he immediately wrote a letter to the court contending that he was confused and manipulated
by the Department representative when he signed the affidavit of relinquishment. 

 The Department's suit proceeded to trial, and Briones was present and represented by court-appointed counsel. K.B.'s attorney and guardian ad litem, Homero Canales, was not present.(2) 
Testimony was presented by Briones and by Minerva Myles, the caseworker assigned to K.B.'s case. 
At the conclusion of the hearing, the trial judge indicated that he was taking the case under
advisement, that he would visit with all counsel and Department employees in chambers, and that
he would call Briones back to court if he had further questions. Defense counsel presented no
objections to this proposed sequence of events. 

 The next event reflected in the record is a hearing at which the ad litem, Homero Canales,
appeared before the court with the child, K.B. Also present was a caseworker and the Department's
attorney. The court apparently conducted an unrecorded interview with the child. Several days later
Canales again appeared before the court and stated that he had a conflict and needed to be removed
as guardian ad litem. He was retained as attorney ad litem, but Sylvia Martinez was appointed as
guardian ad litem, with the trial court indicating that she would visit with both the child and Briones. 
Although Briones was not present at this hearing, his attorney was, and he voiced no opposition to
the appointment of Martinez as guardian ad litem. At the hearing the court indicated that it had
already heard all the evidence it needed to render its decision. Approximately two months later, after
interviewing both K.B. and Briones, Martinez filed her guardian's report; seven days later the trial
court entered a decree of termination. It is from this decree that Briones now appeals.

Irrevocable Relinquishment of Parental Rights

 Briones contends the evidence is legally and factually insufficient to support a finding that he
voluntarily signed a relinquishment of parental rights. The Department sought termination of
Briones' parental rights on the basis of Briones' affidavit of relinquishment, and on seven other
enumerated grounds. The affidavit executed by Briones fully complies with the dictates of Tex.
Fam. Code Ann. § 161.103 (Vernon Supp. 1999)(3), and states in clear terms that it is irrevocable. 
In fact, the final paragraph of the affidavit is typed in all capital letters, with each line initialed by
Briones, and warns that he should not sign the affidavit if "there is any thought in my mind that I
might someday seek to change my mind." 

 At trial Briones testified that he was confused when he signed the affidavit, and that Minerva
Myles, the Department representative who presented the affidavit to him, intimidated and
manipulated him into signing the affidavit. This testimony was contradicted by Myles, who stated
that she read the entire affidavit to him, waited for him to have a telephone conversation with K.B.,
and neither pressured him to sign nor presented him with untruthful information regarding possible
future contact with K.B. once his rights were terminated. This conflict in testimony was for the trial
court, as the fact finder, to resolve. See Young Chevrolet, Inc. v. Texas Motor Vehicle Bd., 974
S.W.2d 906, 914 (Tex. App.--Austin 1998, pet. denied). The testimony of Myles, together with the
affidavit of Briones, which is regular on its face, present legally and factually sufficient evidence
upon which the court could determine that the affidavit was freely and voluntarily executed by
Briones. 


Appointment of Guardian Ad Litem

 Briones also complains the trial court erred in appointing Sylvia Martinez as guardian ad
litem after the close of all evidence. Briones contends this action violates Tex. Fam. Code Ann. §
107.001 (Vernon Supp. 1999), which governs the appointment of a guardian ad litem in termination
cases. 

 The record does not support Briones' claim that an ad litem was not appointed until after the
close of all evidence. Rather, the record reflects that Homero Canales was the guardian ad litem at
the time of trial, so there was no failure to appoint an ad litem, there was simply a change in who was
appointed. When the change in guardian ad litem was made approximately twenty days after the
trial, Briones' counsel was present and he posed no objections. Indeed, counsel expressed his belief
that the ad litem should talk to Briones in jail, with which the trial court agreed. Accordingly, we
find no error in the appointment of Sylvia Martinez as guardian ad litem.

Ad Litem's Report

 Briones also claims that he was denied due process of law because the court considered the
ad litem's report after the close of evidence and without first providing Briones with a copy of the
report or allowing Briones to call or cross-examine the ad litem. There is nothing in the record to
indicate that Briones had notice of the report, other than constructive notice which may be inferred
since the report was filed with the court on December 3, 1997, and the trial court's decree of
termination was not entered until December 10. We need not determine whether the trial court erred
in considering the ad litem's report because the evidence supports termination even in the absence
of the report. Briones' affidavit of relinquishment is sufficient grounds for termination if the record
also reveals evidence that termination is in the best interest of K.B. See Tex. Fam. Code Ann. §§
161.001 (1)(K), 161.001 (2) (Vernon Supp. 1999) (court can order termination if parent executed
unrevoked or irrevocable affidavit of relinquishment and relinquishment is in best interest of child). 

 Ample evidence was presented at trial that termination is in the best interest of K.B. Myles
testified that Briones sent letters to his children while he was incarcerated stating that they were
Satan's children and calling their mother (his wife) vulgar names. This correspondence was
considered detrimental to the emotional development of K.B. Placement of K.B. with Briones'
extended family was not possible because of a history of abuse and neglect, and because Briones'
mother continued to deny that Briones had ever sexually abused K.B.'s sister. Because of Briones'
own conviction and incarceration for sexual abuse, his access to K.B. was deemed not in her best
interest. See Texas Dept. of Human Services v. Boyd, 727 S.W.2d 531, 534 (Tex. 1987); In the
Matter of W.A.B., 979 S.W.2d 804, 807 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). Myles
specifically stated that placement in a foster home with ultimate adoption was in K.B.'s best interest. 
Based on this evidence, the trial court could properly conclude that termination was in the best
interest of the child.

 Briones has failed to establish that any error of the trial court caused the rendition of an
improper judgment or prevented him from properly presenting his appeal. See Tex. R. App. P. 
44.1(a). Accordingly, we overrule Briones' issues on appeal and affirm the judgment of the trial
court. 


 Catherine Stone, Justice 

DO NOT PUBLISH

1. The Department of Human Services is currently known as the Department of Protective and Regulatory
Services.
2. The parties agree that Canales was appointed prior to trial, although there is no order reflecting the date of
appointment.
3. Throughout this opinion references are made to the current provisions of Texas Family Code; these provisions
do not differ from the statutes in effect at the time Briones signed the affidavit in any material way.